PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RUFO ESTEVES, Defendant and Appellant.

No. 2832.   Argued November 17, 1926.—Decided March 15, 1927.

*L. Tormes* and *Herminia Tormes* for the appellant.   *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The defendant was charged with carrying arms.  At the trial the evidence showed that on or about July 2, 1925, he was in a rowboat near the shore in Santa Isabel when some policemen who were trying to detect the illegal manufacture of rum on some small islands near by, saw some kegs in the rowboat, approached it when it was about ten yards from the shore and on searching it found an unloaded shotgun. One witness for the prosecution testified that the defendant admitted ownership of the shotgun.  Another testified that he said he had found it on a small island under his charge and had taken it.  Defendant testified that he was in charge of a small island where there were more than sixty goats and that the shotgun belonged to the owner of the goats, who had armed him with it in order to frighten people and thus prevent stealing of the goats.

370

The court convicted the defendant and sentenced him to a month in jail. He appealed therefrom and assigned in his brief that the trial court erred, (1) in taking cognizance of the offense without jurisdiction, (2) in considering an unloaded shotgun as a forbidden arm, and (3) in weighing the evidence.

It is alleged that the District Court of Guayama had no jurisdiction because the place where the shotgun was found was of federal and not of insular jurisdiction, citing the cases of *Rodríguez* v. *Mercado & Son,* 28 P.R.R. 405, and *People* v. *Dimas,* 18 P.R.R. 1019.

The defendant was in his rowboat in the harbor of Santa Isabel, which is within the judicial district of Guayama, about ten meters from the shore and therefore within the insular territory according to section 8 of the Organic Act which says:

"That the harbor areas and navigable streams and bodies of water and submerged land underlying the same in and around the Island of Porto Rico and the adjacent islands and waters, now owned by the United States and not reserved by the United States for public purposes be, and the same are hereby, placed under the control of the Government of Porto Rico, to be administered in the same manner and subject to the same limitations as the property enumerated in the preceding section:". . . . .

In the first of the two cases cited by the appellant this court held that the district courts of Porto Rico lacked jurisdiction "of an action to recover damages, under a local law providing for the relief of workmen, for injuries sustained in 1916 on board a lighter which carried sugar to a steamship anchored in a port of the Island." Plaintiff's work was considered of a maritime nature and therefore within the jurisdiction of the Federal Court, citing the case of *Atlantic Transport Company* v. *Imbrovek,* 234 U. S. 52. And in the second case it was held that as the mangrove swamps are State forests under water they belonged to the State during the Spanish sovereignty and their ownership

passed to the United States of America by virtue of the Treaty of Paris: The foregoing is sufficient to conclude that the above cases do not apply to this case. They spring from different legal situations.

This is not a case of an offense cognizable by the Federal Court by virtue of an Act of Congress, but of the violation of a local law committed within the territory placed by Congress under the jurisdiction of the Island, so that, notwithstanding all the limitations established by the Supreme Court of the United States in regard to Hawaii in the case of *Wynne* v. *United States,* 217 U. S. 234, the jurisdiction of the insular district court is clear.

In *People* v. *Rodríguez,* 35 P.R.R. 253, it was held that a shotgun is a forbidden weapon, unless it is used in the manner allowed by law, but the exception must be shown by the defendant; and in *People* v. *Alonso,* 35 P.R.R. 435, citing the case of *Williams* v. *State* (61 Ga. 417), 34 Am. Rep. 102, it was held that it is not necessary that the weapon be loaded.

For the commission of the offense it is not necessary to prove that the defendant carried the weapon about his person.

The law punishes "every person carrying about him or in his conveyance *(portare o condujere)*" and there is no doubt that the defendant carried a shotgun 'in his rowboat.

The judgment appealed from must be affirmed.